**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| | : | |
| DEMOND BROWN, | : | |
| | : | |
| PLAINTIFF, | : | CIVIL ACTION |
| | : | |
| v. | : | No. _____ |
| | : | |
| ABB INC., | : | COMPLAINT AND DEMAND |
| | : | FOR A TRIAL BY JURY |
| DEFENDANT. | : | |
| | : | |

## COMPLAINT

Plaintiff Demond Brown ("Plaintiff"), by and through his attorneys at Foxworth Law Group, as and for Plaintiff's Complaint in this action against Defendant ABB Inc. ("Defendant" or the "Company"), alleges upon personal knowledge and upon information and belief as to other matters as follows:

## INTRODUCTION

1.      This is an action seeking declaratory, injunctive, and equitable relief, as well as monetary damages, to redress Defendant's violations of: (1) Title VII of the Civil Rights Act of 1964, as amended ("Title VII," 42 U.S.C. §§ 2000e, *et seq.*).

2.      Specifically, Defendant discriminated and retaliated against Plaintiff, and terminated Plaintiff's employment, because of Plaintiff's race and protected complaints as set forth more fully below.

3.      Defendant's unlawful conduct was knowing, malicious, willful, wanton, and/or showed a reckless disregard for Plaintiff's protected rights, which has caused and continues to cause Plaintiff to suffer substantial economic and non-economic damages.

1

**JURISDICTION AND VENUE**

4.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

5.     This Court has original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4), because it arises under the laws of the United States and Plaintiff seeks redress for violations of federal law.

6.     This Court may properly maintain personal jurisdiction over Defendant because Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction in order to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *International Shoe Co. v. Washington,* 326 U.S. 310 (1945), and its progeny.

7.     Pursuant to 28 U.S.C. § 1391, venue is properly laid in this district because the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

8.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

9.     Plaintiff filed a Charge of Discrimination ("Charge"), designated Charge No. 437-2025-01135, with the Equal Employment Opportunity Commission ("EEOC"). Plaintiff has properly exhausted his administrative proceedings before initiating this action by timely filing his Charge with the EEOC and by filing the instant lawsuit within ninety (90) days of receiving his right-to-sue letter from the EEOC.

10.     Plaintiff's Notice of Right to Sue was issued by the EEOC on April 8, 2026.

2

11.     Plaintiff initiated this instant action within ninety (90) days of receipt of the Notice of Right to Sue.

## PARTIES

12.     The foregoing paragraphs are incorporated herein as if set forth in full.

13.     Plaintiff is an adult individual with an address of 1717 N. Lambert Street, Philadelphia, PA 19121. At all relevant times, Plaintiff met the definition of an "employee" under all applicable statutes.

14.     Defendant, ABB Inc., is a corporation that maintains a place of business at 5900 East Port Boulevard, Richmond, VA 23231, and a place of business at 23000 Harvard Road, Cleveland, OH 44122.

15.     Defendant is an entity engaged in an industry or activity affecting commerce which employs five hundred one (501) or more employees.

16.     At all relevant times herein, Defendant met the definition of "employer" under all applicable statutes.

17.     At all relevant times herein, Defendant acted by and through its agents, servants, and/or employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

18.     At all relevant times to the factual allegations contained in this Complaint, Defendant employed managers, supervisors, agents, and employees who Plaintiff alleges had authority to make decisions concerning Plaintiff's employment.

19.     In making the decisions averred herein, the individuals engaged in the pattern and practice of discriminatory treatment that forms the basis of Plaintiff's allegations of unlawful, discriminatory conduct.

3

**FACTUAL BACKGROUND**

20.    Plaintiff alleges and incorporates by reference the allegations in the preceding paragraphs.

21.    At all relevant times, Plaintiff was employed by Defendant as a field technician.

22.    Defendant provided field technicians with the use of a company credit card to cover their travel and expenses.

23.    Plaintiff was requested to report to a work assignment in another state without being provided with the standard use of the company's credit card provided to field technicians to cover their travel and expenses.

24.    Plaintiff had previously notified management several times that funds were not available on the credit card provided to him.

25.    It was unreasonable and improper for Plaintiff to be required to use his personal funds to travel to work in another state and to cover the work expenses.

26.    Other field technicians who were white refused to go to various assignments and were not terminated.

27.    On or about February 17, 2025, Defendant terminated Plaintiff's employment unjustly after Plaintiff was requested to report to the out-of-state work assignment without being provided with the standard use of the company's credit card.

**First (1st) Cause of Action**
**Race Discrimination under Title VII of the Civil Rights Act of 1964, as Amended**

28.    Plaintiff alleges and incorporates by reference the allegations in the preceding paragraphs.

29.    At all relevant times hereto, Plaintiff belongs to a protected class on the basis of his national origin.

30.    At all times relevant hereto, Plaintiff was qualified for and performing the duties of his position as a field technician with Defendant.

31.    At all times relevant hereto, Defendant subjected Plaintiff to an adverse employment action when it terminated Plaintiff's employment.

32.    As outlined above, Defendant violated Title VII when it discriminated against Plaintiff on the basis of his race, including by requiring Plaintiff to report to an out-of-state work assignment without the standard use of the company credit card and by terminating Plaintiff's employment, while other field technicians who were white refused to go to various assignments and were not terminated.

33.    As a direct and proximate result of Defendant's national origin discriminatory conduct in violation of Title VII, Plaintiff has suffered, and continues to suffer, monetary and/or economic damages, including, but not limited to, loss of past and future income, compensation, and benefits, for which Plaintiff is entitled to an award of compensatory and punitive damages, attorney's fees, and costs.

**Second (2nd) Cause of Action**
**Retaliation under Title VII of the Civil Rights Act of 1964, as Amended**

34.    Plaintiff alleges and incorporates by reference the allegations in the preceding paragraphs.

35.    At all times relevant hereto, Plaintiff engaged in protected activity, including by notifying management on several occasions that funds were not available on the company credit card provided to him and by opposing the requirement that he use his personal funds to travel to and cover the expenses of an out-of-state work assignment while his white counterparts refused and were not required to use their personal funds out-of-state work assignments.

36.     At all times relevant hereto, Defendant subjected Plaintiff to an adverse employment action when it terminated Plaintiff's employment.

37.     As outlined above, Defendant violated Title VII when it retaliated against Plaintiff and terminated his employment because of Plaintiff's protected activity.

38.     As a direct and proximate result of Defendant's retaliatory conduct in violation of Title VII, Plaintiff has suffered, and continues to suffer, monetary and/or economic damages, including, but not limited to, loss of past and future income, compensation, and benefits, for which Plaintiff is entitled to an award of compensatory and punitive damages, attorney's fees, and costs.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing the following:

A.     A declaratory judgment that the actions, conduct, and practices of Defendant complained of herein violate the laws of the United States;

B.     An injunction and order permanently restraining Defendant from engaging in such unlawful conduct;

C.     An order directing Defendant to place Plaintiff in the position he would have occupied but for Defendant's discriminatory and/or otherwise unlawful treatment of Plaintiff, as well as to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practices and other unlawful conduct are eliminated and do not continue to affect Plaintiff;

D.     An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiff for all monetary and/or economic damages, including, but not limited to, the loss of past and future income, wages, compensation, job security, and other benefits of employment;

E.      An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiff for harm to Plaintiff's professional and personal reputation and loss of career fulfillment;

F.      An award of damages for all other monetary and/or non-monetary losses Plaintiff suffered in an amount to be determined at trial, plus prejudgment interest;

G.      An award of costs that Plaintiff has incurred in this action, as well as Plaintiff's reasonable attorney's fees to the fullest extent permitted by law; and

H.      Such other and further relief as the Court may deem just and proper.

## Jury Demand

I.      Plaintiff's claims are to receive a trial by jury to the extent allowed by applicable law.

J.      Plaintiff has also endorsed this demand on the caption of this Complaint in accordance with Federal Rule of Civil Procedure 38(b).

Date:   July 7, 2026                                    Respectfully submitted,

/s/ Roderick L. Foxworth
Roderick L. Foxworth, Esquire
Attorney I.D. No. 326960
**FOXWORTH LAW GROUP**
Two Logan Square
100 N. 18th Street, Suite 303
Philadelphia, PA 19103
Phone: (445) 248-9911
Direct: (445) 215-4061
*Attorney for Plaintiff*

## **CERTIFICATION**

I, Roderick L. Foxworth, Jr., Esquire, hereby certify that to the best of my knowledge, information, and belief, the above matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding, nor at the present time is any other action or arbitration proceeding contemplated.

Date:   July 7, 2026                                 Respectfully submitted,

/s/ Roderick L. Foxworth
Roderick L. Foxworth, Esquire
Attorney I.D. No. 326960
**FOXWORTH LAW GROUP**
Two Logan Square
100 N. 18th Street, Suite 303
Philadelphia, PA 19103
Phone: (445) 248-9911
Direct: (445) 215-4061
*Attorney for Plaintiff*